IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

MANZURUL KHAN,
          PLAINTIFF,


V.                              CIVIL ACTION NO. 3:13-cv-436


COLLEGE OF MAINLAND,
          DEFENDANT.

### PLAINTIFF'S, MANZURUL KHAN, ORIGINAL COMPLAINT

Plaintiff, Manzurul Khan, files this original complaint alleging discrimination in the employment context against his employer, College of Mainland, hereinafter and sometimes referred to as the Defendant. Plaintiff would show unto the Court as follows:

### Jurisdiction and Venue

1.  Jurisdiction vests under 28 U.S.C. section 1331 (federal question), 28 U.S.C. section 1343 (civil rights), 42 U.S.C. section 2000(e), 42 U.S.C. section 1981 and 42 U.S.C. section 1983.

2.  At all times material to this action, Plaintiff is a resident of Galveston County, Texas; Plaintiff currently is a resident of Galveston County, Texas.  All matters related to this action have occurred in Galveston

County, Texas, including the entering of the contract of employment.

## Parties

3.  Plaintiff is an American citizen of Asian origin (Bangladesh).

4.  Defendant, College of Mainland, is an employer as that term is defined in employment law and is defined as a governmental entity under Texas law.

5. Plaintiff has exhausted his administrative remedies and has received a right to sue letter.  The right to sue letter was issued by the EEOC on September 11, 2013.  This lawsuit is timely filed.

## Facts Statement/Disparate Treatment

6.  Plaintiff, Manzurul Khan, complains that his race and/or national origin was a factor in his differing treatment and termination from employment. Plaintiff started working for the College in 2003 as an Adjunct and applied for a full-time position in July 2008 and began work as a full-time position on or about August 2008 after topping the list of 13 candidates who applied for the position. There were more than 6 members on the selection committee consisting of Faculty members and IT professionals.

7.    Plaintiff received the notice of nonrenewal on April 30, 2012.   At the time of his nonrenewal Complainant occupied the position of tenure track, full-time faculty member.   Plaintiff is classified as an Assistant Professor in Business and Computer Technologies Department. Plaintiff possesses two (2) Masters Degrees in Computer Science and Electrical Engineering.

8.    Harry Hanson, a member of the Department, retired in 2010.   After Hanson retired, the Department hired three persons to fill one year temporary contracts.   These positions were filled by a Faye Bryan Alexander (White female), Sheila Wall (Black female) and Leslie Youngblood (White female).   Youngblood left the College's employment in August 2011.

9.    In August 2011, the Department hired John Barber, White male in a one year temporary position.   This position was filled without interview (disregarded the interview process, and recommended the hire of Asian female; offer of employment had been extended).   In addition, it should be noted that the hiring committee consisted of full-time faculty members who recommended the hiring of the Asian female.   John Barber was not part of the candidate pool.

10.   Barber possesses a Master Degree in Business (MBA) and a Computer Science degree.

11.   Plaintiff occupied a tenure track position and was up for tenure in 2013.

12.   In 2010 and 2012, Plaintiff was nominated Teacher of Year by students.   In addition, Plaintiff on-line courses have been rated exemplary.   Plaintiff was qualified for the position he occupied.

13.   The Chair of Department is Bruce Glover, White male.   In 2011, it was revealed that Glover had spent five years teaching a basic level Computer Science course that he was not qualified to teach.   This information came to the attention of the institution during a pre-SACS audit examination.

14.   Plaintiff has learned that he was the only tenured track faculty member not retained, that all others in the department and in the college were retained; that those retained possessed less qualifications and experience than Plaintiff.[1]

15.   No reason by the Administration to the Plaintiff for his termination.

16.   All other individuals of different races/national origins were retained.   The College reported that a John Barber was released but Barber's position was abolished and

---

[1] The College has not published a list of standards setting out the factors used to make decisions associated with the reduction in force.

the College found another position to place him.  No effort was made to retain Plaintiff.

17.  Currently the College is using two temporary full-time faculty members (John Barber and Faye Bryan Alexander) to teach courses that Plaintiff has taught since 2003.

18.  The College currently does not have a full-time faculty member on staff as required by the Texas Higher Education Coordinating Board for Computer Networking Program.

19.  Plaintiff's name and credentials were used in March, 2012 to the Coordinating Board as justification for the continuation and support of the program.

20.  Plaintiff contends the employer has engaged in discriminatory treatment in the following context, to-wit: i) retaining less qualified persons for employment while reducing in force Plaintiff; ii) providing a pretextual reason for Plaintiff's termination when others in like positions were not subject to termination; iii) Plaintiff's national origin being a factor in his disparate treatment. This can be seen by the information provided previously and the facts asserted in paragraphs 21-28 below.

21.  Plaintiff has taught nine years at COM; five

years as an adjunct, the last four (4) years in a tenured track position.

22.   Plaintiff has taught more different courses than anyone in the department during the reference period, including the Department chair while in the tenure track position.

23.   Plaintiff possessed more qualifications than most in the department (two Master degrees, MSEE and MS Comp. Sci.

24.   Plaintiff came to the College having taught three years as a full-time faculty member with Galveston College prior to joining COM.   Plaintiff has also taught at University of Houston Downtown, and San Jacinto College as an adjunct.

25.   During Plaintiff's employment with the College he was nominated Teach of the Year two of the last three years.

26.   Plaintiff's on-line evaluation course evaluation earned a score of 67.5 – in range of exemplary (65 and higher is exemplary).

27.   Plaintiff had more Committee assignment than any-one else in the department.

28.   No other tenure track faculty member at COM was

6

given a non-renewal notice, including those who started the same year as Plaintiff, during the alleged termination for budgetary reasons.  In Plaintiff's former department, three (3) one year temporary positions were retained; all who have fewer years of employment at COM than Plaintiff.  One of the faculty members retained was hired without proper due process and in violation of College policy.

### Prayer for Relief

29.  Plaintiff prays for the following relief:

A.  Declaratory relief stating that the Defendant has engaged in discriminatory conduct and that Defendant has violated Plaintiff's civil rights;

B.  Back wages and benefits;

C.  Compensatory damages incurred in the past, present and future;

D.  Reasonable and necessary attorney's fees incurred in the prosecution of this matter.

E.  Pre-judgment and post-judgment interest;

F.  Costs of court.

30.  Plaintiff also prays for all relief in equity and under law to which they may be deemed entitled.

DATE:   December 2, 2013.

Respectfully submitted,


/S/ ANTHONY P. GRIFFIN

_____


ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE



A GRIFFIN LAWYERS
1115 TWENTY FIRST STREET
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300 [TEXAS]

ATTORNEYS FOR PLAINTIFF
MANZURAL KHAN

A JURY TRIAL IS DEMANDED

c:word.khan_manzural.plaintiff_original_complaint_final_12_02_2013

8